UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE ROSNER,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLPATH, et al.,<br><br>        Defendants. | No. 1:24-cv-01145-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 14) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint in this action was filed on September 26, 2024. (ECF No. 1.)

On October 31, 2024, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 7.)

Plaintiff failed to file an amended complaint or otherwise respond to the October 31, 2024 order. Therefore, on January 7, 2025, the Court issued an order for Plaintiff to show cause why the action should not be dismissed. (ECF No. 11.) On January 23, 2025, Plaintiff filed a motion for an extension of time to file an amended complaint. (ECF No. 12.) On January 24, 2025, the Court discharged the order to show cause and granted Plaintiff thirty days to file an amended

1

1  complaint. (ECF No. 13.) After Plaintiff again failed to file an amended complaint, the Court
2  ordered Plaintiff to show cause why the action should not be dismissed. (ECF No. 14.) Plaintiff
3  has failed to respond to the latest order to show cause and the time to do so has passed.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff is detained at the Madera County Jail where the allegations arose. Upon intake into the Madera County Jail, Plaintiff was denied his medication that was prescribed through the California Department of Corrections and Rehabilitation (CDCR). In addition, nurse Eva placed Plaintiff in suicide segregation. Psych tech, Sean, delayed Plaintiff interview with Dr. Baker who could prescribe the medication while waiting for his CDCR records. Dr. Baker claimed to review Plaintiff's medical chart and claimed he had no active medication. Dr. Baker also determined, without interviewing Plaintiff, that he did not need his medication, even though a team of psych techs and doctors determined that Plaintiff did require the medication. It would be a violation of Plaintiff's parole if the medication was not taken. This has been an ongoing issue at Madera County Jail. Plaintiff has put in multiple requests and has not received the medication. Plaintiff has battled with his issues these months, some days are better than others, but the bad days are bad. Plaintiff struggles with what is real and what is perceived. Plaintiff's medication helps him stay stable, without it his life can be a roller coaster ride. Plaintiff has made it known to the Defendants in this case and just been shuffled around by medical and jail staff.

## III.

## DISCUSSION

### A.  **Wellpath as Defendant**

"A municipality cannot be held liable solely because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691(1978). Therefore, counties and municipalities may be sued under § 1983 only upon a showing that an official policy or custom caused the constitutional tort. Id. at 691.

"In order to state a claim under Monell, a party must: (1) identify the challenged policy or custom; (2) explain how the policy or custom is deficient; (3) explain how the policy or custom caused the plaintiff harm; and (4) reflect how the policy or custom amounted to deliberate

3

indifference, i.e. show how the deficiency involved was obvious and the constitutional injury was likely to occur." Harvey v. City of S. Lake Tahoe, 2012 WL 1232420, at *3 (E.D. Cal. Apr. 12, 2012) (citing Young v. City of Visalia, 687 F. Supp. 2d 1141, 1148 (E.D. Cal. 2009)). "In other words, a plaintiff must plead (1) that the plaintiff 'possessed a constitutional right of which [he or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.' " Bradley v. County of San Joaquin, 2018 WL 4026996, at *9 (E.D. Cal. Aug. 23, 2018) (quoting Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997)).

It appear that defendant Wellpath is a private company contracted with Madera County to provide medical care at the Madera County Jail. See Patino v. County of Monterey, 2023 WL 375349, at *1 (N.D. Cal. Jan. 24, 2023) ("The county contracts with defendant Wellpath, LLC ("Wellpath"), a private company, to provide medical, mental health and dental services to inmates at the Jail."). A private entity under contract to provide medical services to a county jail may be sued under § 1983. Estate of Miller v. County of Sutter, 2020 WL 6392565, at *10 (E.D. Cal. Oct. 30, 2020). Private entities acting under color of law may be liable under Monell. Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (9th Cir. 2012).

Here, Plaintiff does not allege sufficient facts to state a Monell claim against defendant Wellpath. Plaintiff does not allege that Defendant Wellpath failed to provide him with his medication pursuant to a policy or custom of Defendant Wellpath and that the policy or custom reflected deliberate indifference to the inhabitants of the Madera County Jail. Accordingly, Plaintiff fails to state a cognizable claim for relief.

**B.    Denial of Medication**

As Plaintiff is detained at the Madera County Jail, the Court presumes that he is a pretrial detainee.

Under the Fourteenth Amendment, pretrial jail detainees have the right to receive adequate medical care during their detention. Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018); see also Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003). To

4

establish a deliberate indifference to medical needs claim against an individual defendant under the due process clause of the Fourteenth Amendment, a pretrial detainee must show that:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon, 888 F.3d at 1125. The plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." Id. (quoting Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir. 2016)).

Here, Plaintiff has alleged nothing but a mere disagreement with the medical professional's determination. Plaintiff fails to set forth sufficient factual details as to how long he was denied medication, what medication was prescribed, and any specific harm he suffered as a result. Further, Plaintiff's claim that he was placed in suicide segregation does not give rise to a cognizable claim for relief. In addition, although Plaintiff contends that psych tech, Sean, delayed Plaintiff's interview with Dr. Baker, he fails to set forth sufficient support facts to give rise to a plausible claim for relief. Accordingly, the Court finds that Plaintiff has failed to state a cognizable claim for relief.

## IV.

## FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's complaint, and on October 31, 2024, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 7.) Plaintiff did not file an amended complaint or otherwise respond to the Court's October 31, 2024 order. Therefore, on March 6, 2025, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 14.) Plaintiff failed to respond to the March 6, 2025, order and the time to do so has passed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules

or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of October 31, 2024 and has not done so. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this

1 action.

2 Since it appears that Plaintiff does not intend to litigate this action diligently there arises a
3 rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447,
4 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

5 The public policy in favor of deciding cases on their merits is greatly outweighed by the
6 factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order
7 for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies
8 in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended
9 complaint or respond to the order to show cause and this action cannot simply remain idle on the
10 Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's
11 failure to comply with the Court's orders.

12 Finally, a court's warning to a party that their failure to obey the court's order will result
13 in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262;
14 Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's October 31, 2024, order
15 requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an
16 amended complaint in compliance with this order, the Court will recommend to a district ju6dge
17 that this action be dismissed consistent with the reasons stated in this order." (ECF No. 7.) In
18 addition, the Court's March 6, 2025, order to show cause specifically stated: "Plaintiff's failure to
19 comply with this order will result in a recommendation to dismiss the action for the reasons stated
20 above." (ECF No. 14.) Thus, Plaintiff had adequate warning that dismissal would result from her
21 noncompliance with the Court's order.

## V.

## ORDER AND RECOMMENDATIONS

24 The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended
25 complaint within thirty days. Plaintiff has failed to comply with the Court's order to file an
26 amended and has not responded to the Court's order to show why the action should not be
27 dismissed. In considering the factors to determine if this action should be dismissed, the Court
28 finds that this action should be dismissed for Plaintiff's failure to obey the October 31, 2024 and

7

1  March 6, 2025 orders, failure to prosecute this action, and failure to state a cognizable claim for
2  relief.
3        Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a
4  District Judge to this action.
5        Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's
6  failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim
7  for relief.
8        These Findings and Recommendations will be submitted to the United States District
9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen**
10 **(14) days** after being served with these Findings and Recommendations, Plaintiff may file written
11 objections with the Court, limited to 15 pages in length, including exhibits.  The document should
12 be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is
13 advised that failure to file objections within the specified time may result in the waiver of rights
14 on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v.
15 Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 1, 2025**

STANLEY A. BOONE
United States Magistrate Judge