UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JESSIE ROSNER,

Plaintiff,

v.

WELLPATH, et al.,

Defendants.

No. 1:24-cv-01145-KES-SAB (PC)

FINAL ORDER GRANTING PLAINTIFF'S FOURTH MOTION FOR EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT

(ECF Nos. 16, 17)

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's fourth motion for an extension of time to file an amended complaint, filed April 1, 2025. (ECF No. 17.) This case has a lengthy history based on Plaintiff's *repeated* failure to comply with Court's October 31, 2024, screening order.

**I.**

**BACKGROUND**

To recap, Plaintiff filed the instant complaint on September 26, 2024. (ECF No. 1.)

On October 31, 2024, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 7.)

Plaintiff failed to file an amended complaint or otherwise respond to the October 31, 2024 order. Therefore, on January 7, 2025, the Court issued an order for Plaintiff to show cause why the action should not be dismissed. (ECF No. 11.) On January 23, 2025, Plaintiff filed a motion for an extension of time to file an amended complaint. (ECF No. 12.) On January 24, 2025, the Court discharged the order to show cause and granted Plaintiff thirty days to file an amended complaint. (ECF No. 13.) After Plaintiff again failed to file an amended complaint, the Court ordered Plaintiff to show cause why the action should not be dismissed. (ECF No. 14.) Plaintiff failed to respond to March 6, 2025, order to show cause. Therefore, on April 1, 2025, the Court issued Findings and Recommendations recommending the action be dismissed for failure to prosecute, failure to comply with a court order, and failure to state a cognizable claim for relief. (ECF No. 16.)

Plaintiff now seeks a *fourth* extension of time to file an amended complaint and a copy of the screening order, which was deemed filed one day after the Findings and Recommendations were issued. (ECF No. 17.)

**II.**

**DISCUSSION**

For good cause shown, a court may grant an extension of time "if a request is made, before the original time or its extension expires" or, if made after the time has expired, the party shows excusable neglect. Fed. R. Civ. P. 6(b)(1)(A), (B). To determine whether missing a deadline constitutes excusable neglect, the Ninth Circuit applies the factors set forth in Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993); Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997). The factors include: (1) the danger of prejudice to the non-moving party (here, the plaintiff), (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party acted in good faith. Pioneer, 507 U.S. at 395. The weighing of Pioneer's equitable factors is left to the discretion of the court. Pincay v. Andrews, 389 F.3d 853, 860 (9th Cir. 2004).

Here, Plaintiff's motion was filed after the deadline to file an amended complaint and is

not supported by excusable neglect. Indeed, the motion consists of one sentence in which Plaintiff seeks a copy of the screening order and an additional thirty days to file an amended complaint. (ECF No. 17.) This Plaintiff's fourth request for an extension of time to file an amended complaint, which was initially due approximately three months, and Plaintiff has repeatedly failed to timely seek an extension of the deadline or file an amended complaint. Plaintiff has previously been warned that his failure to file an amended complaint or comply with a court order will result in dismissal of the action. (See ECF Nos. 7, 11, 14.) Plaintiff is advised a case cannot linger on this Court's already overburdened docket, awaiting Plaintiff's filing of an amended complaint, and his repeated failure to file an amended complaint is tantamount to a failure to prosecute which may support a finding of bad faith. Nonetheless, because no Defendant has appeared there is no prejudice and only a thirty day extension is sought, the Court will grant Plaintiff one last extension of time to file an amended complaint and make a one-time exception to send him a copy of the Court's October 31, 2024, screening order.[1] However, no further extension of time will be granted for this purpose, and Plaintiff is warned that failure to comply with this order will result in a recommendation of dismissal of the action.

**III.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff motion for an extension of time (ECF No. 17) is GRANTED;
2. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint;
3. If Plaintiff timely complies with this order by filing an amended complaint, undersigned will vacate and/or amend the April 1, 2025 Findings and Recommendation; and

[1] Plaintiff is advised that he is not entitled to free copies from the court. The Clerk charges $.50 per page for copies of documents. See 28 U.S.C. § 1914(a). Copies of up to twenty pages may be made by the Clerk's Office at this court upon written request and prepayment of the copy fees. Under 28 U.S.C. § 2250, the Clerk is not required to furnish copies without cost to an indigent petitioner except by order of the judge. To request copies of his Complaint at this juncture, Plaintiff must submit a request in writing to the Clerk, a large self-addressed envelope affixed with sufficient postage, and prepayment of copy costs to the Clerk.

4. If Plaintiff does not timely comply with this order, the Court will not vacate the April 1, 2025 Findings and Recommendation and the Findings and Recommendation will be deemed submitted for consideration by the district court without further notice.

IT IS SO ORDERED.

Dated: **April 9, 2025**

STANLEY A. BOONE
United States Magistrate Judge